IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM DOUGLAS REEVES,                               CV 03-0070-MA

        Petitioner,                                OPINION AND ORDER

   v.

BRIAN E. BELLEQUE, Superintendent,
Oregon State Penitentiary,

        Respondent.

   HARRISON LATTO
   Attorney at Law
   400 S.W. Sixth Avenue, Suite 600
   Portland, Oregon  97204

       Attorney for Petitioner

   HARDY MEYERS
   Attorney General
   SUSAN R. GERBER
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, OR  97301-6313

       Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) is denied.

## **BACKGROUND**

In January and February, 1998, petitioner and his brother robbed a gas station and several restaurants in Jackson County, Oregon, at gunpoint. Resp. Ex. 106 at 7. Following their fourth robbery, the stolen vehicle they used as a get-away car broke down, and petitioner and his brother were apprehended by authorities. Id. at 9.

Petitioner and his brother were indicted on four counts of robbery in the first degree, four counts of robbery in the second degree, two counts of unauthorized use of a vehicle, and three counts of felon in possession of a firearm. Resp. Ex. 102. During their joint trial in Jackson County, Oregon, on April 2, 1998, petitioner and his brother attempted to escape custody. Petitioner assaulted the courtroom bailiff, then grabbed a courtroom employee around the neck and threatened to kill her with a pen. Id. Meanwhile, petitioner's brother attempted to flee the courthouse. The presiding trial judge, the Honorable

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) is denied.

## **BACKGROUND**

In January and February, 1998, petitioner and his brother robbed a gas station and several restaurants in Jackson County, Oregon, at gunpoint. Resp. Ex. 106 at 7. Following their fourth robbery, the stolen vehicle they used as a get-away car broke down, and petitioner and his brother were apprehended by authorities. Id. at 9.

Petitioner and his brother were indicted on four counts of robbery in the first degree, four counts of robbery in the second degree, two counts of unauthorized use of a vehicle, and three counts of felon in possession of a firearm. Resp. Ex. 102. During their joint trial in Jackson County, Oregon, on April 2, 1998, petitioner and his brother attempted to escape custody. Petitioner assaulted the courtroom bailiff, then grabbed a courtroom employee around the neck and threatened to kill her with a pen. Id. Meanwhile, petitioner's brother attempted to flee the courthouse. The presiding trial judge, the Honorable

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) is denied.

## **BACKGROUND**

In January and February, 1998, petitioner and his brother robbed a gas station and several restaurants in Jackson County, Oregon, at gunpoint. Resp. Ex. 106 at 7. Following their fourth robbery, the stolen vehicle they used as a get-away car broke down, and petitioner and his brother were apprehended by authorities. Id. at 9.

Petitioner and his brother were indicted on four counts of robbery in the first degree, four counts of robbery in the second degree, two counts of unauthorized use of a vehicle, and three counts of felon in possession of a firearm. Resp. Ex. 102. During their joint trial in Jackson County, Oregon, on April 2, 1998, petitioner and his brother attempted to escape custody. Petitioner assaulted the courtroom bailiff, then grabbed a courtroom employee around the neck and threatened to kill her with a pen. Id. Meanwhile, petitioner's brother attempted to flee the courthouse. The presiding trial judge, the Honorable

R.B. White, physically restrained petitioner, while the sheriff's deputies apprehended petitioner's brother in the stairwell. Id.

The next day, the court granted a mistrial at the request of petitioner's attorney. Resp. Ex. 105 at 6. Petitioner's attorney withdrew from the case and the court appointed new counsel to represent him. Judge White also recused himself from the case.

On April 9, 1998, petitioner and his brother were charged with the additional crimes of escape in the first degree, menacing, and assault in the fourth degree. Resp. Exhibit 107 at 5. Two weeks later, on April 24, 1998, petitioner signed two plea petitions, in which he plead guilty to four counts of robbery in the second degree and one count of escape in the first degree. Resp. Ex. 103, 104. In exchange, the state agreed to dismiss four counts of robbery in the first degree, and to not seek upward-departure sentences, or a total sentence of more than 280 months. Resp. Ex. 103.

The same day, petitioner and his brother appeared before the Honorable Rebecca G. Orf, a Circuit Court judge, for plea and sentencing. Resp. Ex. 106. Judge Orf agreed to be bound by the plea agreement under ORS 135.432(2), and accept petitioner's plea. Id. at 5-6. However, before doing so, she admitted her bias in petitioner's case, stating:

> Quite frankly, the only reason I was willing to proceed with the sentencing this morning is because it had been agreed upon between the District Attorney and your attorneys and yourselves.
>
> I, quite frankly, need to let you know that I'm probably prejudice[d] against both of you. I'm upset with you. I'm angry with you about what you did with respect to the escape charges. The victims of these crimes are courthouse staff that I work with every day that are friends of mine, and I explained to both of your attorneys that I really didn't think that I could be fair and that the only way I would be willing to sentence you this morning is if they understood that I would be following the negotiations that had been reached between your attorneys and the District Attorney. That I did not intend to exercise any discretion in sentencing you this morning.

Resp. Ex. 106 at 5-6. She then asked petitioner if he wished to proceed "now knowing where the Court's coming from". Id. at 6. Petitioner indicated that he did. Id.

Accordingly, Judge Orf sentenced petitioner to the length of imprisonment stipulated in the plea agreement, as follows: 280 months for the robbery counts, and 31 months for the escape count, for a total of 311 months imprisonment. Id. at 19. She explained that petitioner was subject to three years post-prison supervision on each count. Id.

On direct appeal, petitioner claimed the trial court should not have accepted his plea agreements because the presiding judge was admittedly biased. Resp. Ex. 107 at 3, 5. The Oregon Court of Appeals granted the state's motion for summary affirmance.

Resp. Ex. 110. The Oregon Supreme Court denied review. Resp. Ex. 112.

In his amended petition for post-conviction relief (PCR), petitioner alleged ineffective assistance of trail counsel and appellate counsel; prosecutorial misconduct; and, judicial misconduct. Resp. Ex. 115 at 3-6. He also filed an addendum to his petition, containing additional allegations of judicial and prosecutorial misconduct. Resp. Ex. 116. In denying relief, the PCR court made the following findings of fact:

> 1. On April 24, 1998, Petitioner entered guilty pleas to four counts of Robbery II, on count of Escape I, one count of Menacing and once count of Assault IV. Petitioner received a stipulated sentence of 280 months, in which the judge agreed to be bound, under ORS 135.432(2) for the four counts of Robbery in the Second Degree. He also received a stipulated sentence of 31 months, in which the judge agreed to be bound, under ORS 135.432(2) for the [sic] Escape in the First Degree. Petitioner's total stipulated sentence under ORS 135.432(2) was 311 months for all charges with credit for time served on the misdemeanor charges.
>
> 2. Petitioner is not challenging his plea to the Escape in the First Degree charge but makes various allegations with regard to his plea to the four counts of Robbery in the Second Degree.
>
> 3. Petitioner read and signed the plea agreement, in which he declared that he understood his rights, as well as the fact that he understood that he could receive a stipulated sentence of 311 months in which the judge would not exercise discretion and would bind herself to the stipulated sentence.
>
> 4. At his plea and sentencing hearing, Petitioner declared that he understood his rights, was not coerced, and was voluntarily making the plea. He also declared that he knew

the judge would impose the stipulated sentence of 311 months.

5. The judge explained that she did not think she could be fair given the fact that the victims in the escape were court staff and that she was only going through the sentencing because she was not exercising discretion and would bind herself to the sentence stipulated by the Petitioner and the district attorney. Petitioner declared that he understood this, agreed to it, and that he wanted to proceed with pleading guilty to the stipulated sentence.

6. In his deposition testimony in this case, Petitioner declared that he read, fully understood and had no questions regarding his plea.

7. There is no evidence that Petitioner was confused about his rights or was coerced into taking the plea.

8. Petitioner's plea was knowingly, intelligently and voluntarily made.

9. Petitioner claims that counsel failed to prepare and file motions for change of venue as to avoid prejudice at trial. This claim is irrelevant because this case settled in a stipulated plea agreement and did not go to trial.

10. Petitioner alleges that counsel failed to inform him that the court could impose a sentence including 36 months of post-prison supervision, and that the district attorney would recommend to the court that 36 months of post-prison supervision be imposed. Petitioner knew the sentence he would receive when he stipulated to it. Petitioner failed to prove he could have rejected the plea had he been informed of the 36 month post-prison supervision period.

11. Petitioner alleges that counsel failed to move that the trial judge be removed and another judge assigned as to avoid prejudice at sentencing. This claim is irrelevant because this case settled in a stipulated plea agreement and the judge did not exercise any discretion in sentencing Petitioner.

12. Petitioner alleges that counsel failed to investigate the facts and circumstances underlying the charged offenses and failed to locate and interview witnesses to the charged

offenses. This claim is irrelevant because this case settled in a plea agreement Petitioner knowingly, intelligently and voluntarily made.

13. Petitioner does not provide any credible evidence or meet his burden of proof that he could not have entered his plea if counsel had acted differently.

14. Petitioner also alleges that appellate counsel failed to adequately investigate Petitioner's claims on appeal and raise on appeal the denial of Petitioner's request to the court for a change of venue which was never ruled upon by the court. Petitioner was sentenced under ORS 135.432(2), an agreement between the parties in which the judge also consented. Under ORS 138.222 Petitioner's case cannot be reviewed on appeal. Consequently, there was nothing for appellate counsel to raise on appeal.

15. The prosecutor did not engage in prosecutorial misconduct.

16. Petitioner did not prove any of his claims by a preponderance of the evidence.

Resp. Ex. 136. The Oregon Court of Appeals granted the state's motion for summary affirmance. Resp. Ex. 142. The Oregon Supreme Court denied review. Resp. Ex. 144.

In his petition to this court, petitioner alleges eleven grounds for relief. Respondent answers that all of petitioner's claims lack merit, and urges this court to deny habeas corpus relief.

## **DISCUSSION**

Under 28 U.S.C. § 2254(e)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, habeas corpus relief may not be granted on any claim that was

7 - OPINION AND ORDER

adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's determination of a factual issue "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence. Id.

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003). A federal habeas court cannot overturn a state decision "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams v. Taylor, 529 U.S. 362, 409.

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable." Penry v. Johnson, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).

## I. Grounds One and Eleven

In ground one petitioner alleges he was denied due process of law under the Sixth and Fourteenth Amendments to the United States Constitution because his sentencing judge, Judge Orf, admitted she was prejudiced against him. In ground eleven he claims he was denied equal protection of the law under the Fifth and Fourteenth Amendments because Judge Orf did not recuse herself, *sua sponte*, from his case.

As noted above, before agreeing to preside over petitioner's plea and sentencing hearing Judge Orf acknowledged that she was prejudiced against petitioner as a result of his attempt to escape her courthouse two weeks prior. Resp. Ex. 106 at 5-6. Judge Orf indicated that "the only way" she would be willing to sentence him is if he understood that she would not exercise any discretion in doing so, but would impose the sentence agreed upon

by the DA and petitioner's trial counsel, as indicated in the plea petition. Id. at 6. She then asked petitioner if, "knowing where the Court's coming from," he wanted to proceed anyway. Id. Petitioner indicated that he did.

Petitioner argues that under Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991), the denial of the right to an impartial judge is a structural error requiring automatic reversal. In Fulminante, the Supreme Court explained that "[t]he entire conduct of the trial from beginning to end is obviously affected by...the presence on the bench of a judge who is not impartial." Id. Such defects in the "constitution of the trial mechanism" affect the "framework within which the trial proceeds, rather than simply an error in the trial process itself," according to the Court. Id. at 310. Thus, structural errors should not be examined under the "harmless error" analysis, as are trial errors, because they constitute *per se* violations of a constitutional right. Id.; see also Chapman v. California, 386 U.S. 18 (1967)(applying harmless error analysis to most trial errors, but noting that some constitutional violations are so basic their infraction can never be harmless).

While Fulminante and Chapman may represent clearly established federal law on constitutional errors committed at trial, they do not govern the case at bar. In this case, there

was no trial upon which to base an assertion of structural error-only a plea and sentencing hearing.

In Brady v. U.S., 397 U.S. 742 (1970), the Supreme Court held that, to be valid, a guilty plea must be knowing and voluntary, in light of all the relevant circumstances surrounding the plea. Id. at 748. In the instant case, Judge Orf engaged in a long colloquy with petitioner, his co-defendant, trial counsel, and the DA, in order to ensure that petitioner's plea was knowing and voluntary. Resp. Ex. 106.

After explaining that she was willing to accept the plea agreement in toto, without exercising any discretion in sentencing him, Judge Orf asked petitioner if he still wanted to go forward with his plea, knowing that she would not exercise discretion because she could not be impartial. Id. at 6. Petitioner indicated that he did. Id. The DA then recited all the charges the state believed it could prove if petitioner's case went to trial. Id. at 7-13.

Judge Orf indicated that she had consulted the victims of petitioner's escape attempt and they agreed with petitioner's plea. Id. at 14. She also asked if any of the victims of petitioner's robberies wanted to be heard. Id. Petitioner's trial counsel then stated that "Mr. William Douglas Reeves feels that the charges that he's plead to were appropriate as opposed

to the charges for which he was on trial for." Id. at 17. Judge Orf then turned to petitioner and asked him if there was anything further he wanted to say. Id. In response, petitioner stated, "Yeah, I just look at this as a war and this is just one battle won for you guys." Id. at 17.

Thus, I find the state reasonably applied Brady to conclude that petitioner's plea was knowing and voluntary, in spite of Judge Orf's admitted bias against him. I further find that petitioner has not overcome the presumption that this finding is correct. Accordingly, habeas relief is not warranted under grounds one and eleven of petitioner's motion.

**II. Grounds Two through Seven**

In grounds two through five petitioner claims his trial counsel was ineffective for numerous reasons. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must prove three things: (1) "that counsel's representation fell below an objective standard of reasonableness," (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," and (3) that the state court applied the above two inquiries in an objectively unreasonable manner. See Bell v. Cone, 535 U.S. 685, 692 (2002)(citing Strickland v. Washington, 466 U.S. 668, 694 (1984)).

In ground two petitioner alleges trial counsel failed to prepare and file motions for change of venue, despite petitioner's demands. Petitioner contends he prepared a pro se motion for change of venue following his attempted escape and mistrial, which his attorney refused to file. He argues that he would not have pleaded guilty if his motion had been granted, and that he would have been acquitted of all or substantially more charges had he proceeded to trial.

In ground five petitioner alleges trial counsel was ineffective for failing to investigate the facts and circumstances underlying the charged offenses, and for failing to locate and interview witnesses to the charged offenses. According to petitioner, trial counsel would have been persuaded to go to trial on the merits, rather than encouraging petitioner to sign the plea agreement, had he investigated the leads petitioner allegedly provided him with.

Petitioner does not meet his burden of proof in grounds two or five. First, petitioner does not even allege that trial counsel's representation fell below an objective standard of reasonableness. Instead he contends counsel's decision not to move for a change of venue resulted in petitioner being "coerced" into signing the plea agreement- an issue I discuss below, under petitioner's ground ten.

Second, petitioner has not overcome the presumption of correctness assigned to the PCR court's factual determination. 28 U.S.C. § 2254(e)(1). As stated above, the PCR court found that petitioner failed to point to credible evidence that he would not have plead guilty if counsel had moved for a change of venue, or further investigated the facts and circumstances underlying the charges against petitioner. Additionally, the PCR court determined that petitioner waived his right to a trial, and to all pretrial procedures, by pleading guilty.

In ground three petitioner alleges trial counsel failed to inform him that the court could impose 36 months of post-prison supervision. The plea petition did not mention post-prison supervision. Resp. Ex. 103, 104. According to petitioner, if trial counsel had informed him of the possibility that the court would impose 36 months of post-prison supervision petitioner would not have plead guilty.

As with grounds two and five, the only evidence that petitioner would not have entered into the plea agreement were it not for trial counsel's alleged errors is petitioner's own testimony, which is equivocal on this point. Resp. Ex. 199 at 15. In his March 20, 2001, deposition, petitioner testified that he did not recall whether trial counsel advised him that his sentence would include a term of post-prison supervision. Id.

He stated, "I can't say if it could have or it did or didn't. I know that on the documents it's not there." Id. Further, before accepting his plea, the trial court plainly stated that his sentence would include 36 months post-prison supervision. Resp. Ex. 106 at 19. When the court asked the parties if they had anything else to add before entering their pleas, petitioner voiced no concerns. Id. at 21.

In ground four petitioner claims trial counsel should have asked Judge Orf to recuse herself from the plea hearing after she expressed bias toward petitioner. Petitioner contends he would have received a substantially shorter sentence had another judge conducted his plea and sentencing hearing.

The PRC court determined this claim was "irrelevant because this case settled in a stipulated plea agreement and the judge did not exercise any discretion in sentencing Petitioner." Resp. Ex. 136. Again, petitioner fails to even assert that trial counsel's failure to request the court's recusal fell below an objective standard of reasonableness. Further, petitioner presents no evidence to support his argument that he would have received a shorter sentence from another judge. Notably, petitioner had ample opportunity to back out of the plea agreement after Judge Orf expressed her bias, but he chose to proceed. Resp. Ex. 106 at 6, 21.

In grounds six and seven petitioner contends his appellate counsel was ineffective for failing to obtain the trial transcript prior to preparing the appellant's brief, and for failing to argue that petitioner's verbal request for change of venue was improperly denied. Petitioner argues appellate counsel should have raised errors committed during his trial, prior to his attempted escape, which would have led to reversal or modification of his conviction and sentence.

Petitioner's arguments are without merit for several reasons. First, the trial court granted petitioner's motion for a mistrial, thereby vacating the earlier proceedings. Thus, there was no legal basis for appellate counsel to appeal alleged errors committed before petitioner attempted to escape the courtroom.

Second, as the PCR court found, petitioner entered into a stipulated plea agreement pursuant to ORS 135.432(2) and ORS 138.222. Under ORS 138.222(2)(d), petitioner's stipulated sentencing agreement could not be reviewed on appeal.

Third, petitioner does not even address grounds six and seven in his memorandum, except to mention that he raised them in his petition. Petitioner's assertion does not constitute the clear and convincing evidence required to overcome the

presumption of correctness assigned to the state court's factual findings. 28 U.S.C. § 2254(e)(1).

In sum, habeas relief is not warranted under grounds two, three, four, five, six, or seven of petitioner's motion.

### III. Grounds Eight through Ten

In these grounds petitioner alleges prosecutorial misconduct. Specifically, in ground eight petitioner alleges the prosecutor who negotiated the plea agreement failed to inform him that a term of post-prison supervision would be attached to the terms of imprisonment. In ground nine he contends the prosecutor forced him to plead guilty to two counts of robbery in the second degree. And in ground ten petitioner contends the prosecutor coerced him into accepting the plea by refusing to release two material witnesses from the sheriff's custody until and unless he signed the agreement.

As discussed above, the PCR court found no evidence of prosecutorial misconduct in this case, and "no evidence that petitioner was confused about his rights or was coerced into taking the plea." Resp. Ex. 136 at 5. These findings are entitled to deference under 28 U.S.C. § 2254(e)(1).

In his supporting memorandum, petitioner argues only that the plea agreement violated his constitutional rights because the prosecutor made the offer contingent upon both petitioner and his

17 - OPINION AND ORDER

co-defendant brother signing the plea. Petitioner references <u>United States v. Pollard</u>, 959 F.2d 1011 (D.C. Cir. 1992), *cert denied*, 506 U.S. 915 (1992), for this proposition. <u>Pollard</u> is not controlling law in this circuit, much less "clearly established" federal law as determined by the Supreme Court. Further, it does not support petitioner's argument.

<u>Pollard</u> held that "plea wiring" does not violate the Constitution. <u>Id</u>. at 1021. Noting that the Supreme Court has "reserved judgment" on this issue, the <u>Pollard</u> court stated, "[a]lmost anything lawfully within the power of a prosecutor acting in good faith can be offered in exchange for a guilty plea." <u>Id</u>.; <u>see also</u> <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 n.8 (1978)(declining to address the "constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person other than the accused"). The <u>Pollard</u> court was guided by the Supreme Court's holding in <u>Brady</u>, that, even where a defendant maintains his innocence, "a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." <u>Pollard</u>, 959 F.2d at 1021; <u>Brady</u>, 397 U.S. at 751.

In sum, petitioner has failed to show that the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law. Accordingly, habeas relief

is not merited on grounds eight through ten of petitioner's motion.

## **CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#2) is denied.

IT IS SO ORDERED.

DATED this 1st day of July, 2005.

                         /s/ Malcolm F. Marsh
                         Malcolm F. Marsh
                         United States District Court Judge